**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| GILBERT ONTIVEROS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-990-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Gilbert Ontiveros ("Ontiveros"), a federal prisoner confined at FMC-Fort Worth in Fort Worth, Texas. After considering the petition and the relief sought by Petitioner, the record, related briefing, and applicable law, the Court concludes that the § 2241 petition should be and is hereby **DENIED.**

### I.    CLAIM

In his petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner Ontiveros asserts that the Bureau of Prisons (BOP) has wrongfully failed to credit his federal sentence with time he served on his sentence imposed in Nebraska state court in case number CR10-324. Pet., at 1, 2-5, ECF No. 1.

### II.    FACTS/BACKGROUND

On April 8, 2010, Ontiveros was arrested in Hall County, Nebraska on the state offense of DUI, 3rd offense in case number CR09-435. Resp.'s Appendix, at 1, ECF No. 7-1.  Ontiveros remained in the Hall County Jail until he was released on bond on April 15, 2010. *Id.*  On May 20,

2010, Ontiveros was arrested again in Hall County, Nebraska. *Id*. The State of Nebraska charged him in case number CR10-324 with delivery/intent to deliver methamphetamine. App. at 8, ECF No. 7-1.

On June 10, 2010, Ontiveros was sentenced on the state DUI charge (case number CR09-435) to 360 days' imprisonment, with pre-sentence credit of 29 days. App. at 2, ECF No.7-1. He received eight days' credit for the period of April 8, 2010, through April 15, 2010, when he was released on bond. App. at 1, ECF No.7-1. He received 21 days' credit for the time he spent in custody from the date of his second arrest, May 20, 2010, to the day before he was sentenced, June 9, 2010. App. at 1-2; 4, ECF No. 7-1. He served this sentence from June 10, 2010 to January 20, 2011. App. at 5, ECF No. 7-1. On November 10, 2010, while Ontiveros was serving the sentence in the DUI case, he was sentenced on the state methamphetamine charge in case number CR10-324 to not less than three but not more than four years' imprisonment. App at 6; 8, ECF No.7-1.

On November 15, 2010, while serving his state court sentences, Ontiveros was indicted in the United States District Court for the District of Nebraska with conspiracy to manufacture, distribute and possess with intent to manufacture, distribute, or dispense methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846. App. at 11, ECF No. 7-1.

On November 20, 2010, Ontiveros was brought into federal custody pursuant to the issuance of a writ of habeas corpus ad prosequendum. App. at 10, ECF No.7-1. The judgment issued in the District of Nebraska shows that Ontiveros pleaded guilty to the one count indictment on March 21, 2011, and on July 20, 2011, was sentenced to a term of 188 months' imprisonment. App. at 12-13, ECF No. 7-1. The federal court ordered Ontiveros's sentence to run concurrently with the sentence imposed in state case number CR10-324. *Id.* at 13.

On the same date he was sentenced, July 20, 2011, Ontiveros was returned to Hall County,

Nebraska in satisfaction of the writ. App. at 10, ECF No.7-1. On August 10, 2011, the BOP designated Ontiveros to the Nebraska Department of Corrections to serve his federal term of imprisonment, commencing on July 20, 2011:

> The United State District Court that sentenced [Gilbert Ontiveros] recommended that the Federal sentence run concurrently with the State sentence. To make this possible, I have designated the above facility [Nebraska Department of Corrections] for service of the federal sentence.

App. at 18, ECF No.7-1. On November 9, 2012, Ontiveros satisfied his sentence in state case number CR10-324, and custody was transferred to the BOP to continue service of his federal sentence. App. at 19, ECF No. 7-1.

As a result of Ontiveros's filing of a motion to reduce sentence under 18 U.S.C. § 3582(c)(2), the federal court granted a sentence reduction on his term of imprisonment from 188 months to 151 months. App. at 20, ECF No. 7-1. The BOP has calculated Ontiveros's federal term of imprisonment as a 151 month term, commencing when Ontiveros was sentenced on July 20, 2011. App. at 23. Because credit for the period from Ontiveros's state sentencing date on state case number CR10-324 (*i.e.*, November 10, 2010) to the day before his federal term commenced (*i.e.*, July 19, 2011) was applied to his state sentence, the BOP has not applied credit for this period of time to Ontiveros's federal sentence.

The Respondent conceded that Petitioner Ontiveros has exhausted his administrative remedies with the BOP concerning the issues in this petition. Response, 3, ECF No. 6.

### III. ANALYSIS

From the time that Petitioner was arrested by Nebraska state officials on state charges, he was under the primary jurisdiction of Nebraska. *See Richardson v. Outlaw,* 274 F. App'x 353, 2008 WL

1747085, at * 1 (5th Cir. 2008) (citing *Causey v. Civilletti*, 621 F.2d 691, 693-94 (5th Cir. 1980); *Zerbst v. McPike,* 97 F.2d 253, 254 (5th Cir. 1938)). The first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration. *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991). This jurisdiction continues until the first sovereign relinquishes its priority by, for example, release on bond, dismissal of charges, release on parole, or expiration of a sentence. *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980). As a matter of well-settled law, the federal government does not obtain primary jurisdiction over a defendant already in state custody when the federal government lodges a warrant or detainer or when the defendant is produced in federal court pursuant to a federal writ of habeas corpus ad prosequendum. *Causey,* 621 F.2d at 693-94. When a prisoner is transferred from state to federal custody pursuant to a writ of habeas corpus ad prosequendum, the transfer is "only a 'loan' of the prisoner" to the federal jurisdiction such that primary custody remains with the state. *Id.* at 693. The state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. *Thomas v. Whalen*, 962 F.2d at 361; *Brewer*, 923 F.2d at 1366-67. The federal government, therefore, did not have primary jurisdiction over Ontiveros until he completed service of his sentence in case number CR10-324. Thus, Ontiveros's transfer pursuant to a writ of habeas corpus ad prosequendum to face federal prosecution did not place him in primary custody for the time he was subject to that writ prior to federal sentencing.

An inmate's federal sentence commences "on the date the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a) (West 2015). An inmate's federal sentence cannot commence prior to its imposition even if it is running concurrently

with another sentence already being served. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) (citing *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972)); BOP Program Statement 5880.28, Sentence Computation Manual (CCCA) at 1-13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed"), located at https;//www.bop.gov/policy/progstat/5880_028.

When a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the BOP ordinarily implements such order or recommendation by designating the state facility as the place to serve the federal sentence. BOP Program Statement 5160.05, Designation of State Facility for Service of Federal Sentence, located at https://www.bop.gov/policy/progstat/5160_005. In this case, the State of Nebraska obtained primary jurisdiction over Ontiveros when he was arrested on state charges on May 20, 2010 and maintained primary jurisdiction until November 9, 2012, when Ontiveros satisfied his state sentence and was taken into custody by the United States Marshal's Service (USMS). Thus, after his federal sentence was imposed, the BOP designated the Nebraska Department of Corrections as the official detention facility for Ontiveros to serve his federal sentence. App. at 18, ECF No.7-1. Ontiveros' federal sentence commenced on July 20, 2011, the day his sentence was imposed in federal court. Ontiveros has received credit against his federal sentence since that day. App. at 24, ECF No. 7-1.

Although Ontiveros seeks credit against his federal sentence for periods of time he was in federal custody pursuant to the writ of habeas corpus ad prosequendum from November 2010 until July 19, 2011, he was still under the primary jurisdiction of Nebraska. Under 18 U.S.C. § 3585(b), prior custody credit may be awarded toward an inmate's federal sentence if that time in custody was as a result of the offense for which the federal sentence was imposed or a result of any other charge

for which the defendant was arrested *after* the commission of the federal offense *that has not been credited against another sentence.* 18 U.S.C. 3585(b) (West 2015) (emphasis added). By enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). An inmate who has received credit on his state sentence for the time period at issue may not receive credit for that same time period against his federal sentence. *Cotton* v. *Tamez,* 283 F. App'x 214 (5th Cir. 2008). Nebraska authorities awarded Petitioner credit towards his state sentences for the entire time that he was in federal custody under the writ of habeas corpus ad prosequendum. Because Petitioner received credit of that time towards his state sentences, he cannot also receive credit for the same period towards his federal sentence. The BOP, therefore, is prohibited from crediting Ontiveros' federal sentence with any time spent in custody prior to the imposition of his federal sentence which was otherwise credited toward his Nebraska state sentences.

In sum, Ontiveros received credit against his federal sentence, concurrently with the credit he was already receiving against his state court sentences, from the date of imposition of his federal sentence, July 20, 2011, until he was received by BOP on November 9, 2012. He is not entitled to any additional credit against his federal sentence for time credited against his state sentences prior to the imposition of his federal sentence.[1]  Therefore, the § 2241 petition must be denied.

---

[1]Petitioner "requests" in his reply that if this Court determines that he is not entitled to additional sentence credit, that his underlying judgment imposed in the District of Nebraska should have been adjusted downward under United States Sentence Guideline § 5G1.3(b)(1). Reply, ECF No. 8, at 5. Such an argument raises an error that occurred at sentencing and thus is not cognizable in this petition under 28 U.S.C. § 2241. *See McKinley v. Haro*, 83 F. App'x 591, 692 (5th Cir. 2003) (citing *Jeffrs v.* Chandler, 253 F.3d 827, 830 (5th Cir. 2001)).

**IV.     CONCLUSION**

Accordingly, it is **ORDERED** that Petitioner Gilbert Ontiveros's petition for relief under 28

U.S.C. § 2241 is **DENIED.**

**SO ORDERED** on this **21st day** of **February, 2018**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**